1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

ANTHONY W.,

Plaintiff,

9

v.

10

COMMISSIONER OF SOCIAL SECURITY,

11

Defendant.

12

CASE NO. C25-853-BAT

**ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

13      Plaintiff Anthony W. seeks review of the denial of his application for supplemental

14   security income. He contends the ALJ misevaluated the medical opinions and the lay testimony

15   of plaintiff's mother. Dkt. 9. The Court **REVERSES** the Commissioner's final decision and

16   **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C.

17   § 405(g).

18                                                    **BACKGROUND**

19      Plaintiff was 25 years old when he applied for benefits and is now 29 years old; he has a

20   limited education and no past relevant work. Tr. 32. In January 2022, he applied for child's

21   insurance benefits, disability insurance benefits, and supplemental security income, alleging in

22   all three applications he became disabled on May 14, 2014. Tr. 263, 265, 267. After his

23   applications were denied initially and on reconsideration, the ALJ conducted a hearing

and, on May 1, 2024, issued a decision finding plaintiff not disabled before the date he turned 22 for purposes of child's insurance benefits, not disabled before his date last insured of December 31, 2019, for purposes of disability insurance benefits, and not disabled since his protective filing date of January 14, 2022, for purposes of supplemental security income. Tr. 17-34. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1. Plaintiff now seeks review of the ALJ's decision denying his application for supplemental security income.[1]

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ made the following findings with respect to plaintiff's application for supplemental security income: Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20. Beginning on the protective filing date, plaintiff had the following severe impairments: anxiety, depression, attention deficit hyperactivity disorder, autism spectrum disorder, and adjustment disorder; these impairments did not meet or equal the requirements of a listed impairment. Tr. 24-25. Beginning on the protective filing date, plaintiff had the residual functional capacity (RFC) to perform work that is low stress, meaning it consists of simple tasks, it provides a break after 2 hours of work, it does not require interaction with the general public, it does not require more than occasional interaction with coworkers, it does not require joint tasks, it is performed where the general public is typically not present, it follows a set routine that is predictable, and it is quota-based

---

[1] The ALJ found at step two plaintiff did not have a severe impairment from the alleged onset date through the date he turned 22 and also through his date last insured. Tr. 20. The ALJ therefore found plaintiff not disabled for purposes of his applications for child's insurance benefits and disability insurance benefits. Tr. 34. Plaintiff does not assign error to this finding and therefore the Court will not review the ALJ's denial of plaintiff's applications for child's insurance benefits and disability insurance benefits.

[2] 20 C.F.R. § 416.920.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

1  rather than production-paced. Tr. 26. The ALJ found although plaintiff had no past relevant

2  work, there are jobs that exist in significant numbers in the national economy that plaintiff could

3  perform, and plaintiff is not disabled from the protective filing date through the date of the

4  decision. Tr. 32-34.

5  **DISCUSSION**

6  The Court will reverse the ALJ's decision only if it is not supported by substantial

7  evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

8  *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

9  of harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its

10  judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

11  Where the evidence is susceptible to more than one rational interpretation, the Court must uphold

12  the Commissioner's interpretation. *Id.*

13  **A.    Medical opinions**

14  Plaintiff argues the ALJ improperly rejected the opinions of Benjamin Dobbeck, Psy.D.,

15  and Jan Lewis, Ph.D., and improperly relied on the opinions of the state agency psychologists

16  and examining psychologist. Dkt. 9 at 1. When considering medical opinions, the ALJ considers

17  the persuasiveness of the medical opinion using five factors (supportability, consistency,

18  relationship with claimant, specialization, and other), but supportability and consistency are the

19  two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ

20  must explain in her decision how she considered the factors of supportability and consistency. 20

21  C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is not required to explain how she

22  considered the other factors, unless the ALJ finds that two or more medical opinions or prior

23  administrative medical findings about the same issue are both equally well-supported and

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

1    consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3)

2    (2017). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without

3    providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785,

4    792 (9th Cir. 2022).

5         *1.    Dr. Dobbeck*

6         Dr. Dobbeck, plaintiff's treating therapist, wrote a letter in April 2023 in which he listed

7    plaintiff's diagnoses as persistent depressive disorder, autism spectrum disorder, and attention

8    deficit disorder. Tr. 991. He opined plaintiff's progress in therapy had been sluggish and, despite

9    an increase in medication, plaintiff continued to experience functional impairment from

10   persistent dysphoria, easy irritability, anhedonia, and lassitude. Tr. 991. Dr. Dobbeck stated

11   plaintiff was working on anger management in therapy, and he was not taking medication as

12   recommended for his ADHD; Dr. Dobbeck also did not believe plaintiff had attended support

13   groups for his autism spectrum disorder diagnosis. *Id.* Dr. Dobbeck opined: "It is my judgment

14   as his therapist that [plaintiff] continues to be disabled. He would not be able to reliably

15   participate in a competitive 40-hour work week because of the breadth and severity of his

16   symptoms." *Id.*

17        Dr. Dobbeck wrote a second letter in February 2024 in which he opined plaintiff's

18   progress in treatment was evident and his diagnosis of persistent depressive disorder had

19   resolved in 2023. Tr. 777. Dr. Dobbeck stated plaintiff's improved mood made episodes of anger

20   less frequent, although he continued to lapse in random and unexpected ways. *Id.* Plaintiff's need

21   for predictability caused some of these lapses, and he could become overwhelmed with minor

22   stressors that could be temporarily incapacitating. *Id.* Plaintiff manifested symptoms of ADHD

23   but was not taking stimulant medication as recommended. *Id.* Dr. Dobbeck opined despite

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

1    plaintiff's progress, he "would not be able to reliably participate in a competitive 40-hour work

2    week due to his brittle need for order, inability to follow a consistent schedule, emotional

3    reactivity with unanticipated minor stressors and likely emergence of impairing ADHD

4    symptoms if involved in such activities." *Id.*

5        The ALJ found Dr. Dobbeck's opinions not persuasive. Tr. 31-32. With respect to the

6    April 2023 opinion, the ALJ found the autism diagnosis lacked support in Dr. Dobbeck's

7    treatment notes and other records, Dr. Dobbeck stated plaintiff experienced functional

8    impairment but did not quantify the degree of impairment; whether a claimant is disabled is an

9    issue reserved for the Commissioner; Dr. Dobbeck provided no support for his opinions and

10   there was no support in Dr. Dobbeck's treatment records or other records in the file; Dr.

11   Dobbeck engaged in no testing after an initial mental status examination and made inconsistent

12   statements about whether he conducted a mental status examination; Dr. Dobbeck did not record

13   any signs and his treatment notes show functionality inconsistent with his conclusions; Dr.

14   Dobbeck's opinion was inconsistent with other records, including treatment notes showing fewer

15   limitations and the opinion of examining psychologist Shawn Kenderdine, Ph.D., which the ALJ

16   found to be persuasive; and the opinion reflected plaintiff's condition without treatment,

17   including no ADHD medication and a lack of autism support groups. *Id.*

18       The ALJ gave similar reasons for finding Dr. Dobbeck's February 2024 opinion not

19   persuasive, including Dr. Dobbeck did not quantify the degree of functional impairment, he

20   provided no support for his opinions, the opinions lacked support in Dr Dobbeck's records and

21   other treatment records, Dr. Dobbeck did not conduct further testing after the onset of treatment,

22   Dr. Dobbeck's note that plaintiff was not taking ADHD medication, and the determination of

23   whether a claimant is disabled is an issue reserved to the Commissioner. Tr. 31-32.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

1    Plaintiff argues the ALJ's assessment of supportability and consistency are not supported

2    by substantial evidence. Dkt. 9 at 3, 8. The Court agrees. With respect to the ALJ's assessment of

3    supportability, the ALJ's finding Dr. Dobbeck's treatment notes contain no support for his

4    opinion, no record of any signs, and no additional testing after an initial mental status exam is

5    unsupported by a review of those notes. Dr. Dobbeck documented plaintiff's challenges

6    navigating minor stressors such as car troubles and problems with anger management. Tr. 726,

7    729, 735, 738, 752, 755, 758, 761, 770, 927, 954, 969. Dr. Dobbeck's notes also document signs

8    such as cognitive distortions or irrational thinking (Tr. 603, 636, 660, 669, 687, 720, 729, 912,

9    966); flat affect (Tr. 630, 645) or variable affect (Tr. 636); dysphoric or dysthymic mood (Tr.

10    627, 645, 648, 758, 966, 969); variable eye contact (Tr. 927); and impaired short-term memory

11    (Tr. 972). Many of these are the same signs evaluated in a mental status examination. And in the

12    context of mental health treatment, both observations made during clinical interviews and mental

13    status examinations constitute objective measures. *See Buck v. Berryhill*, 869 F.3d 1040, 1049

14    (9th Cir. 2017). In addition, contrary to the ALJ's finding that Dr. Dobbeck did not administer

15    additional testing, Dr. Dobbeck administered the MMPI-3 test twice in August 2021, with the

16    first set of results found to be invalid due to symptom exaggeration and the second set of results,

17    which were valid, revealing elevated scales of depression, anxiety and demoralization. Tr. 605,

18    607. Substantial evidence does not support the ALJ's finding Dr. Dobbeck's treatment notes

19    contain no signs, testing, or other support for his opinions.

20    The ALJ's finding Dr. Dobbeck's opinions were inconsistent with the record are

21    similarly unsupported. The ALJ found Dr. Dobbeck's opinions were "inconsistent with other

22    treatment notes showing fewer limitation[s], discussed above." Tr. 31. The ALJ did not cite to or

23    otherwise identify these treatment notes, nor did the ALJ identify or explain what the

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

inconsistencies were. A review of the decision shows the ALJ discussed only one treatment note from the period relevant to plaintiff's SSI claim.[3] Tr. 28. The ALJ noted in March 2022, Erin McLaughlin, M.D., noted plaintiff reported his depression was most manifest at night, when he has dark thoughts, and he had a routine sleep, errand, and exercise schedule. Tr. 28, 418. Dr. McLaughlin found plaintiff was alert, cooperative, in no distress, and had normal mood and affect; she increased his medication and recommended he continue counseling. Tr. 418-19. Even if the Court presumes the ALJ was referring to this note, a reference to a single treatment note without explanation is insufficient to support the ALJ's assessment of consistency. *Woods v. Kijakazi*, 32 F.4th at 792 (ALJ must provide an explanation supported by substantial evidence when rejecting a doctor's opinion as unsupported or inconsistent).

Although the ALJ found Dr. Dobbeck's opinion inconsistent with Dr. Kenderdine's opinion, given the lack of explanation and substantial evidence support for the ALJ's assessment of supportability and consistency otherwise, this finding is insufficient to support the ALJ's rejection of Dr. Dobbeck's opinion. Because the ALJ failed to articulate reasons supported by substantial evidence for finding Dr. Dobbeck's opinions unsupported by his own treatment notes and inconsistent with the treatment record, the ALJ must reevaluate this opinion on remand.

2. *Dr. Lewis*

In May 2023, state agency consultant Jan Lewis, Ph.D., reviewed Dr. Kenderdine's opinion and medical records from Dr. Dobbeck and UW medicine. Tr. 992. In one section of her report, Dr. Lewis opined plaintiff had moderate or marked limitations in nearly all areas of

---

[3] The ALJ discussed other treatment notes in the context of plaintiff's disabled child and DIB claims. Tr. 22-23. Those treatment notes predate the relevant period for his SSI claim by three to eight years, and the ALJ did not refer to these notes when evaluating plaintiff's SSI claim or give any explanation as to how those notes were relevant to his SSI claim.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

mental functioning, with a severe limitation in the ability to maintain appropriate behavior in a work setting. Tr. 993. In another section of her report, she opined plaintiff's diagnoses were supported by the available objective medical evidence and that the severity and functional limitations were supported by available medical evidence. Tr. 996. She opined the duration of plaintiff's impairment was likely to persist for 36 months, stating plaintiff had mental health conditions that are difficult to treat and he was unlikely to benefit from mental health intervention, time, or psychiatric drugs. *Id.*

The ALJ addressed Dr. Lewis's opinion along with Dr. Kenderdine's opinion. Tr. 30. Noting first Dr. Kenderdine opined plaintiff had mild or moderate limitations in all areas of mental functioning and the expected duration of plaintiff's impairment was 3 to 6 months, the ALJ found Dr. Lewis affirmed Dr. Kenderdine's opined limitations but not the duration. Tr. 30. The ALJ found Dr. Lewis's opinion not persuasive because it was inconsistent with and unsupported by the medical evidence. *Id.*

Plaintiff argues the ALJ appears to have misread Dr. Lewis's opinion and seems to have been unaware that Dr. Lewis opined plaintiff had much greater limitations than Dr. Kenderdine opined. Dkt. 9 at 13. The Commissioner offers reasons why the ALJ could have found the marked and severe limitations Dr. Lewis opined to be inconsistent and unsupported. Dkt. 13 at 7-8. But the ALJ did not acknowledge the limitations opined by Dr. Lewis and did not articulate reasons to find those limitations not persuasive. The reasons offered by the Commissioner are therefore post hoc rationales the Court cannot rely on to affirm the ALJ. *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The ALJ failed to acknowledge the limitations Dr. Lewis opined, much less give reasons supported by substantial evidence for finding these opined limitations not persuasive. The ALJ must reevaluate this opinion on remand.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

**B.**    **Lay witness testimony**

Plaintiff argues the ALJ erred in evaluating the testimony of plaintiff's mother, Ms. W, and failed to give valid reasons to discount her testimony. Dkt. 9 at 14. Lay testimony about a claimant's symptoms is competent evidence the ALJ must take into account, unless the ALJ rejects the lay testimony by giving specific reasons, based on evidence in the record, that are germane to that witness. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2008).

The Commissioner, relying primarily on a concurrence to an unpublished Ninth Circuit decision, as well as citing to footnotes in other unpublished Ninth Circuit decisions, asserts the revised regulations no longer require the ALJ to articulate reasons for discounting lay witness evidence. Dkt. 13 at 9-12. The relevant portion of the revised regulations states: "Evidence from nonmedical sources. We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section." 20 C.F.R. § 404.1520c(d). The plain language of the regulation states the ALJ is not required to discuss lay witness statements using the framework required for discussing medical opinions (located in paragraphs (a)-(c) of that section), not that the ALJ is not required to articulate reasons for discounting lay evidence. The Commissioner has pointed to no binding authority holding otherwise. The Court will therefore evaluate whether the ALJ provided germane reasons, supported by substantial evidence, for discounting Ms. W's statement.

Ms. W testified plaintiff was not diagnosed with autism until he came to live with her. Tr. 66. When he tried to work at a warehouse in 2020, he became panic struck, vomited when he got home, and quit the following day. Tr. 66-67. She testified plaintiff is able to take care of himself during the day while she is at work, including bathing and feeding himself, but she did not believe he is able to take public transportation. Tr. 67-68. She testified plaintiff has a hard time

1    interacting with other people and does not know social cues. Tr. 68. She testified plaintiff stays

2    awake late at night on his computer and he can manage only one or two tasks around the house

3    each day, such as vacuuming, sweeping, or taking out the garbage, and he feeds stray cats who

4    come to their house daily. Tr. 69.

5        The ALJ found Ms. W's testimony was inconsistent with the treatment records

6    throughout the time periods at issue and they were inconsistent with plaintiff's actual

7    functioning. Tr. 32.

8        Although the ALJ did not identify the specific treatment records he was referring to, as

9    noted above, when evaluating plaintiff's SSI claim, the ALJ discussed Dr. Dobbeck's treatment

10    records and a single treatment note from Dr. McLaughlin. The Court has found the ALJ erred in

11    assessing Dr. Dobbeck's treatment records, including erroneously finding Dr. Dobbeck failed to

12    record any signs or administer any testing beyond an initial mental status examination. This error

13    also undermines the ALJ's reliance on those same treatment records to discount Ms. W's

14    testimony. And the ALJ's reference to a single treatment note from Dr. McLaughlin, without any

15    explanation, is insufficient to support the ALJ's assessment of Ms. W's testimony. The ALJ

16    failed to provide specific, germane reasons, supported by substantial evidence, for discounting

17    Ms. W's testimony. The ALJ must reevaluate her testimony on remand.

18                                **CONCLUSION**

19        The ALJ erred in evaluating the medical opinions of Dr. Dobbeck and Dr. Lewis and the

20    testimony of plaintiff's mother. Accordingly, the Commissioner's decision is **REVERSED,** and

21    this case is **REMANDED** for further administrative proceedings under sentence four of 42

22    U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Dobbeck and Dr.

23    Lewis and the testimony of Ms. W. The ALJ shall further develop the record and redo the five-

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10

step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision.

DATED this 15th day of December, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge